UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| FENF, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: _____ |
| | ) |
| vs. | ) |
| | ) |
| SHENZHEN FROMUFOOT CO., LTD | ) |
| and FROMUFOOT US INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |
| | ) |

# COMPLAINT

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendants Shenzhen FromUFoot Co., Ltd and FromUFoot US Inc. (collectively referred to as "FromUFoot"):

## Parties

1. FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2. On information and belief, Shenzhen FromUFoot Co., Ltd is a company organized and existing under the laws of China and having a place of business located at Floor 3, Building 29, Feipeng Industrial Zone, No. 171, Ping'an

1

Road, Pinghu Street Office, Longgang District, Shenzhen, Guangdong, China (Mainland).

3. On information and belief, FromUFoot US Inc. is a subsidiary of Shenzhen FromUFoot Co., Ltd organized and existing under the laws of New York and having a place of business located at One Commercial Plaza, 99 Washington Avenue, Suite 805A, Albany, New York, 12210–2822.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the patent laws of the United States (Title 35 of the United States Code), the federal unfair competition laws of the United States (Title 15 Chapter 22 of the United States Code), and the copyright laws of the United States (Title 17 of the United States Code).

5. This Court has personal jurisdiction over FromUFoot because FromUFoot has conducted and continues to conduct business in this judicial district and, upon information and belief, has engaged in activities related to FenF's claims of patent infringement, federal unfair competition, and copyright infringement that establish minimum contacts with the state of Michigan, including having committed acts of patent infringement, federal unfair competition, and copyright infringement in this judicial district, and the exercise of personal

2

jurisdiction over FromUFoot is reasonable and fair.  Personal jurisdiction over FromUFoot may be established under Fed. R. Civ. P. 4(k)(1)(A) and/or Fed. R. Civ. P. 4(k)(2).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400(b).

## Common Allegations

7. FenF sells a foot-therapy product under the name "YogaToes® GEMS" that is designed to treat various foot and toe ailments including hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

8. FenF sells its "YogaToes® GEMS" foot-therapy product on-line through its website (www.yogapro.com) as well as through other on-line retailers such as amazon.com.

9. The YogaToes® GEMS product sold by FenF includes upstanding posts made of an elastic material.  Each of the upstanding posts has a faceted gemstone handle at a free end thereof.  A representative photograph of the YogaToes® GEMS product is attached to this Complaint as Exhibit A.

10. FenF has acquired value, name and brand recognition, and goodwill in the use of faceted gemstone handles in connection with its YogaToes® GEMS product as a result of continual and substantial advertising, promotion, and

3

interstate commercial activity related to its YogaToes® GEMS product that dates back to at least December 2010.

11.     FenF is the owner by assignment of United States Patent No. 9,138,616 ("the '616 patent"), entitled "Foot-Therapy and Toe Aligning Device," which was issued to Frederic Ferri on September 22, 2015, and has the right to bring a cause of action for infringement of that patent.  A true and correct copy of the '616 patent is attached to this Complaint as Exhibit B.

12.     FenF is the owner by assignment of United States Patent No. 9,387,359 ("the '359 patent"), entitled "Foot-Therapy and Toe Aligning Device," which was issued to Frederic Ferri on July 12, 2016, and has the right to bring a cause of action for infringement of that patent.  A true and correct copy of the '359 patent is attached to this Complaint as Exhibit C.

13.     FenF is the owner of a copyright to the photograph of its YogaToes® GEMS product, which is attached to this Complaint as Exhibit D, and has registered that copyright with the U.S. Copyright Office in accordance with applicable copyright registration statutes, such copyright being assigned Registration Number VA0002001635 (attached to this Complaint as Exhibit E). FenF has displayed the copyrighted photograph in its advertising and the photograph is readily seen on internet sites such as amazon.com.

14. On information and belief, FromUFoot manufactures a foot-therapy product under the product identifier ZRWA03 that includes upstanding elastic posts—each of which includes a faceted gemstone handle at a free end thereof—that are configured on the foot-therapy product to separate a user's toes ("Accused Product").

15. The Accused Product is a copy of the configuration of FenF's YogaToes® GEMS product.

16. On information and belief, FromUFoot offers to sell and/or sells the Accused Product in the United States.

17. On information and belief, FromUFoot imports the Accused Product into the United States.

18. Defendants' Accused Product competes directly with FenF's YogaToes® GEMS product for sales in the same relevant market to the same customer base.

19. FromUFoot solicits business in the United States by distributing a catalog within the United States to prospective purchasers. A copy of FromUFoot's catalog is attached as Exhibit F. The Accused Product is displayed on Page 7 of Exhibit F. The catalog includes an unauthorized reproduction of FenF's copyrighted work.

20. The catalog distributed within the United States includes the copyrighted photograph of FenF's YogaToes® GEMS product, which has been obtained and used by FromUFoot without the permission of FenF, and misrepresents that photograph of FenF's product as an image of the Accused Product.

**Count I - Patent Infringement
(Infringement of the '616 Patent)**

21. FenF repeats and realleges the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. FromUFoot has directly infringed, and continues to directly infringe, one or more claims of the '616 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling the Accused Product within the United States, and/or importing the Accused Product into the United States, and will continue to infringe unless enjoined by this Court.

23. FromUFoot directly infringes at least independent claim 1 of the '616 patent. That is, the Accused Product includes each limitation of at least independent claim 1 of the '616 patent.

24. FromUFoot's infringement of the '616 patent has been, and continues to be, willful, deliberate, and objectively reckless.

25. FromUFoot's infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

### Count II - Patent Infringement
### (Infringement of the '359 Patent)

26. FenF repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. FromUFoot has directly infringed, and continues to directly infringe, one or more claims of the '359 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling the Accused Product within the United States, and/or importing the Accused Product into the United States, and will continue to infringe unless enjoined by this Court.

28. FromUFoot directly infringes at least independent claim 1 of the '359 patent. That is, the Accused Product includes each limitation of at least independent claim 1 of the '359 patent.

29. FromUFoot's infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## Count III - Federal Unfair Competition
## (Trade Dress Infringement of Gemstone Handles)

30. FenF repeats and realleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. The faceted gemstone handles of FenF's YogaToes® GEMS product are non-functional and have acquired secondary meaning through long and sustained use in interstate commerce and through substantial advertising, promotion, and sales of FenF's YogaToes® GEMS product, thus rendering them protected by trade dress rights.

32. FromUFoot has used, and is continuing to use, in interstate commerce and without authorization from FenF, faceted gemstone handles as part of the Accused Product.

33. FromUFoot's use of faceted gemstone handles as part of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of the Accused Product or as to FromUFoot's affiliation, connection, approval, sponsorship, or association with FenF.

34. FromUFoot's actions constitute false designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of the Accused Product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. FromUFoot's unfair competition in connection with the use of faceted gemstone handles as part of the Accused Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's trade dress rights.

36. FromUFoot was actively aware of FenF and its trade dress rights related to faceted gemstone handles when FromUFoot began selling the Accused Product, yet proceeded anyway to use faceted gemstone handles as part of the Accused Product, and is continuing to do so, thus rendering FromUFoot's engagement in unfair competition willful and deliberate.

### Count IV - Federal Unfair Competition
### (False Designation of Origin or Sponsorship – Passing Off)

37. FenF repeats and realleges the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. FromUFoot has, without authorization from FenF, used a duplicate photo of FenF's YogaToes® GEMS product in interstate commerce and has misrepresented that duplicate photo as an image of the Accused Product.

39. FromUFoot's misrepresentation that a photo of FenF's YogaToes® GEMS product is actually a photo of the Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of FromUFoot's Accused Product or as to FromUFoot's affiliation, connection, approval, sponsorship, or association with FenF.

40. FromUFoot's actions constitute false designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of the Accused Product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. FromUFoot's unfair competition in connection with the unauthorized use of a photo of FenF's YogaToes® GEMS product in interstate commerce has caused damage to FenF's business, reputation, goodwill, profits, and the strength of the FenF's trade dress rights in faceted gemstone handles.

42. FromUFoot was actively aware of FenF, as well as FenF's trade dress rights in faceted gemstone handles, when FromUFoot began selling the Accused Product, yet proceeded anyway to pass off a photo of FenF's YogaToes® GEMS product as an image of the Accused Product in interstate commerce, thus rendering FromUFoot's engagement in unfair competition willful and deliberate.

### Count V - Copyright Infringement
### (Infringement of Copyright Registration No. VA0002001635)

43. FenF repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. FromUFoot has infringed, and continues to infringe, FenF's registered copyright, No. VA0002001635, since at least the registration date of the copyright, by including FenF's copyrighted photo in a catalog that it distributes within the

United States without authorization or approval from FenF, and will continue to infringe unless enjoined by this Court.

45. FromUFoot's reproduction of FenF's copyrighted photograph and infringement of FenF's copyright has been, and continues to be, willful and deliberate.

46. FromUFoot's infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## **RELIEF REQUESTED**

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A. Finds FromUFoot has directly infringed, and is directly infringing, one or more claims of the '616 patent and the '359 patent in violation of 35 U.S.C. § 271;

B. Finds Defendants' infringement has been willful and deliberate with respect to the '616 patent;

C. Awards to FenF damages adequate to compensate for FromUFoot's infringement of the '616 and '359 patents, together with interest and costs fixed by this Court, pursuant 35 U.S.C. § 284;

  D. Awards to FenF up to three times the amount found or assessed as damages pursuant to 35 U.S.C. § 284;

  E. Finds this case to be exceptional and awards to FenF its reasonable attorney fees pursuant 35 U.S.C. § 285;

  F. Orders FromUFoot and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the '616 and '359 patents pursuant 35 U.S.C. § 283;

  G. Finds that FromUFoot's use of faceted gemstone handles in connection with the Accused Product infringes FenF's trade dress rights and, therefore, constitutes federal unfair competition for false designation of origin and false representation in violation of 15 U.S.C. § 1125;

  H. Finds that FromUFoot's misrepresentation that a photo of FenF's YogaToes® GEMS product is actually an image of the Accused Product constitutes federal unfair competition for false designation of origin and false representation in violation of 15 U.S.C. § 1125;

  I. Awards to FenF profits gained by FromUFoot as a result of FromUFoot's federal unfair competition, increased to an amount this Court deems just, pursuant to 15 U.S.C. § 1117;

J. Awards to FenF actual damages sustained as a result of FromUFoot's federal unfair competition, increased by up to three times, pursuant 15 U.S.C. § 1117;

K. Awards to FenF costs and any additional damages to which FenF is entitled as a result of FromUFoot's federal unfair competition;

L. Finds this case exceptional and awards to FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117;

M. Orders FromUFoot and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from engaging in federal unfair competition for: (i) false designation of origin and false representation in connection with FenF's trade dress rights in the faceted gemstone handles of its YogaToes® GEMS product, and (ii) false designation of origin and false representation in connection with passing off of a photo of FenF's YogaToes® GEMS product as an image of the Accused Product;

N. Finds FromUFoot has infringed FenF's registered copyright in violation of 17 U.S.C. § 501;

O. Awards to FenF damages to compensate for FromUFoot's copyright infringement pursuant to 17 U.S.C. § 504, including FenF's actual damages and any additional profits of FromUFoot or statutory damages;

P. Awards to FenF full costs, including attorney's fees, stemming from FromUFoot's copyright infringement pursuant to 17 U.S.C. § 505;

Q. Orders the impounding of all unauthorized copies of the Accused Product, including all FromUFoot catalogs that misrepresent such photos as an image of the Accused Product, and all other items that violate the exclusive rights of FenF in its registered copyright, pursuant to 17 U.S.C. § 503;

R. Orders FromUFoot and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined from infringing the FenF's copyright registration, No. VA0002001635, pursuant 17 U.S.C. § 502; and

S. Awards FenF costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 13, 2016

By: /s/Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail: hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*

## JURY TRIAL DEMANDED

FenF demands a jury trial on all issues so triable.

                                              Respectfully submitted,

Dated:   July 13, 2016          By: */s/Richard W. Hoffmann*
                                            RICHARD W. HOFFMANN (P42352)
                                            Reising Ethington P.C.
                                            755 W. Big Beaver Road, Suite 1850
                                            Troy, Michigan 48084
                                            Telephone:  (248) 689-3500
                                            E-mail:  hoffmann@reising.com

                                            *Attorneys for Plaintiff FenF, LLC*