UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FenF, LLC,

        Plaintiffs,

v.

Shenzhen FromUfoot Co., Ltd. and FromUfoot US inc.,

        Defendants.

                            /

Case No. 16-12616

Senior U.S. District Judge
Arthur J. Tarnow

U.S. Magistrate Judge
Mona K. Majzoub

**Order Vacating Order to Show Cause [11]; Granting Plaintiff's Motion to Deem that Defendant Shenzhen Fromufoot Co., Ltd. Has been Served [12]; Directing Defendant to Show Cause Why Default Judgment Should Not Be Entered**

Plaintiff FenF, LLC, filed a Complaint [1] on July 13, 2016 against Defendants Shenzhen Fromufoot Co., Ltd. and Fromufoot U.S. Inc.,[1] alleging patent infringement of the U.S. Patent Nos. 9,138,616 ("the 616 Patent") and 9,387,359 ("the 359 Patent") in violation of 35 U.S.C. § 271, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, false designation of origin or sponsorship in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and copyright infringement. Since the commencement of this lawsuit, it does not appear that Defendant has retained counsel; no Notice of Appearance by

---

[1] Plaintiff collectively refers to these defendants as FromUFoot. Shenzhen FromUFoot is a company organized and existing under the laws of China. Its place of business is located in China. FromUFoot U.S. is a subsidiary of Shenzhen. (Am. Compl. at ¶¶ 2-3).

an attorney has been filed, nor has Defendant attempted to participate in the proceedings in any way.[2]

On June 19, 2017, the Court entered an Order Granting Plaintiff's Motion for Extension of Time to Serve Defendant [10]. Approximately five months later, the Court entered an Order Directing Plaintiff to Show Cause Why the Case Should Not Be Dismissed for Failure to Prosecute [11].

Plaintiff filed a joint Response and Motion to Deem that Defendant FromuFoot Has Been Served [12] on January 2, 2018. Plaintiff explained that its multiple attempts at serving Defendant have been futile. Plaintiff notes that it has fully complied with the requirements of the Hague Convention and that the Chinese Central Authority has refused to effectuate service on Defendant.

For the reasons discussed below, the Court will **VACATE** its Order to Show Cause [11]. Plaintiff's Motion to Deem that Defendant FromuFoot Has Been Served is **GRANTED.** The Court also orders that Defendant **SHOW CAUSE** in writing on or before May 1, 2018 why default judgment should not be entered against them.

## ANALYSIS

Fed. R. Civ. P. 4(f)(1) authorizes service of process for foreign defendants pursuant to the Hague Convention. The United States and China are signatories to

---

[2] According to exhibits attached to one of Plaintiff's motions, it appears that Plaintiff has been in touch with someone from Shenzhen Fromufoot via email. *See* Dkt. 9-6, 9-8.

the Hague Convention. "[C]ompliance with the Hague Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article 2 of the Hague Convention provides:

> Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6. Each State shall organise the Central Authority in conformity with its own law.

Under the Hague Convention, China's Central Authority is required to "complete a certificate . . . stat[ing] that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered." *Id.* at Art. 6.

FenF first attempted personal service on Defendant FromuFoot U.S., Inc. on July 19, 2016. Service was rejected because a different company is located at the address registered by FromuFoot. *See* Pl.'s Ex. B. In September 2016, FenF retained ABC Legal Services to effect service on FromuFoot in China. ABC Legal Services has "manag[ed] all formal service of process for the United States on judicial documents under The Hague Service Convention" and is familiar with the process for serving documents in China. (Dkt. 13 at ¶¶ 4, 5).

On October 21, 2016, ABC Legal Services sent a process service request for FromuFoot in accordance with the Hague Convention via FedEx. *Id.* at ¶ 9. The Form USM-94, the Translated Summons, and FenF's Translated First Amended

Complaint were delivered to the Ministry of Justice of China three days later. (Dkt. 13-5).

On March 28, 2017, Zhiying Li, of the International Legal Cooperation Center, Ministry of Justice of China, informed ABC Legal Services that the case was registered and assigned a case number, and that the documents were transferred to the Court in China for processing. Several months later, in October 2017, Counsel for FenF and ABC Legal Services requested updates as to the status of the case. As of January 2, 2018, it does not appear that Ms. Li has responded to any requests for information.

Plaintiff asks the Court to deem Defendant as having been served and to enter a show cause order directing Defendant to explain why default judgment should not be entered against it. Article 15 of the Hague Convention governs both requests, and provides:

> Each Contracting State shall be free to declare that the judge . . . may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
> a) the document was transmitted by one of the methods provided for in this Convention,
> b) a period of time not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
> c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

FenF has demonstrated that each of the above requirements have been met. The affidavits show that FenF transmitted the relevant documents via FedEx International Delivery to the Central Authority, in accordance with the Hague Convention. Furthermore, the Chinese Ministry of Justice received the documents more than a year ago, on October 24, 2016. In addition, despite the fact that FenF has complied with the requirements of the Hague Convention and worked diligently to effectuate service on Defendant, FenF has received neither a response to its requests, nor the Certificate described in Article 6 of the Convention. Accordingly,

**IT IS ORDERED** that Order Directing Plaintiff to Show Cause Why the Case Should Not Be Dismissed for Failure to Prosecute [11] is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deem that Defendant Shenzhen FromuFoot Co., Ltd. Has Been Served [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is responsible for serving this Order on Defendant.

**IT IS FURTHER ORDERED** that Defendant **SHOW CAUSE** in writing on or before May 1, 2018 why default judgment should not be entered against it.

**SO ORDERED**.

Dated: February 22, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge