# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FENF, LLC,

              Plaintiff,

v.

SHENZHEN FROMUFOOT CO., LTD.
AND FROMUFOOT US INC.,

              Defendants.

Case No.  16-12616

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

---

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND BRIEF IN SUPPORT

Pursuant to Rules 55(a) and (b) of the Federal Rules of Civil Procedure, Plaintiff FenF, LLC ("FenF") moves for entry of default and judgment by default against Defendants Shenzhen FromUFoot Co., Ltd and FromUFoot US Inc. (collectively referred to as "FromUFoot").  Grounds supporting the motion and the specific relief sought are set forth in the accompanying Brief in Support and the Declarations of Richard W. Hoffmann ("Hoffmann Decl.") and Michael D. Schulze ("Schulze Decl.").  Plaintiff has not contacted Defendants pursuant to Local Rule 7.1(a) because Defendants have failed to appear.

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... iii

I.     INTRODUCTION ...................................................................... 1

II.    ENTRY OF DEFAULT AGAINST DEFENDANT FROMUFOOT IS WARRANTED. ...................................................................... 2

  A.  The Court has subject matter and personal jurisdiction over FromUFoot. ..... 2

  B.  Defendant FromUFoot has been deemed served by the Court. ...................... 3

  C.  FromUFoot failed to plead or otherwise defend. ............................................... 3

III.   DEFAULT JUDGMENT AGAINST DEFENDANT FROMUFOOT IS WARRANTED. ...................................................................... 4

  A.  FenF's allegations are factually and legally sufficient to support its claims to copyright infringement. ........................................................................... 5

     1. FromUFoot infringed and continues to infringe FenF's copyrighted photograph identified in Registration Number VA0002001635. .................... 6

     2. FromUFoot infringed and continues to infringe FenF's copyrighted photograph identified in Registration Number VA0002001636. .................... 7

     3. FromUFoot's acts of copyright infringement were and are willful. .......... 8

  B.  FenF's allegations are factually and legally sufficient to support its claims of trademark and trade dress infringement and unfair competition under Section 43(a)(1) of the Lanham Act. ........................................................................... 8

     1. FromUFoot infringed and continues to infringe FenF's trade dress rights embodied in its GEMS foot-therapy product. ................................................ 8

     2. FromUFoot infringed and continues to infringe FenF's trademark rights in its GEMS mark. ........................................................................... 10

     3. FromUFoot engages in false or misleading advertising by passing off FenF's product as its own. ........................................................................... 12

i

    4. FromUFoot's acts of trademark and trade dress infringement and false advertising were and are willful. ...................................................................14

C. FenF's allegations are factually and legally sufficient to support its claims to patent infringement.................................................................................................14

    1. FromUFoot's unauthorized making, offering to sell, and selling of its Accused Product directly infringe FenF's U.S. Patent No. 9,138,616..........15

    2. FromUFoot's unauthorized making, offering to sell, and selling of its Accused Product directly infringe FenF's U.S. Patent No. 9,387,359..........17

    3. FromUFoot's acts of patent infringement were and are willful...............19

IV.   MONETARY DAMAGES AND PERMANENT INJUNCTIVE RELIEF ARE WARRANTED. ................................................................................................19

A. Exceptional circumstances warrant an award of costs and attorneys' fees...19

B. A permanent injunction prohibiting FromUFoot from continuing to infringe FenF's rights is warranted. ...................................................................................20

C. An Order of dispossession and/or destruction is warranted. .........................23

V.   CONCLUSION AND RELIEF REQUESTED.............................................24

A. Total fees requested. .......................................................................................24

B. Amount of costs requested. .............................................................................24

C. Specific terms of permanent injunction and Order for dispossession. ..........24

VI.   CERTIFICATE OF SERVICE....................................................................26

# INDEX OF AUTHORITIES

## CASES

*Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619 (6th Cir. 2002)............................................................................................................9

*Am. Auto. Ass'n v. Dickerson*, 995 F.Supp.2d 753 (E.D. Mich. 2014).........5, 21, 24

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105 (6th Cir. 1995)...................................2, 4

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 809 F.3d 633 (Fed. Cir. 2015) .........23

*ATC Distrib. Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700 (6th Cir. 2005) ........................................................................................5

*Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F.Supp.2d 734 (E.D. Mich. Oct. 19, 2004)..............................................................................................3

*Audi AG v. D'Amato*, 469 F.3d 534 (6th Cir. 2006) ...................................8, 21, 22

*Can-Am Engineering Co. v. Henderson Glass, Inc.*, 814 F.2d 253 (6th Cir. 1987)13

*Canon, Inc. v. GCC Int'l Ltd.*, 263 F.App'x 57 (Fed. Cir. 2008)............................22

*Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047 (6th Cir. 1999)..............21

*Coach, Inc. v. Chouman's Ass'n*, 2012 WL 6705412 (E.D. Mich. Dec 26, 2012) ..20

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) .............................................................................................................................15

*eBay Inc. v. MercExchange, L.L.C.* (*eBay*), 547 U.S. 388 (2006)..........................21

*Educ. Testing Servs. v. Katzman*, 793 F.2d 533 (3d Cir. 1986)..............................25

*Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098 (C.C.P.A. 1976)8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)..............................5

*FenF, LLC v. Yogabody Naturals, LLC*, 2017 WL 4841440 (E.D. Mich. Oct. 26, 2017)........................................................................................................................21

*Ford Motor Co. v. Cross*, 441 F.Supp.2d 837 (E.D. Mich. 2006).................. passim

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950) ...............15

*Grober v. Mako Prods.*, 686 F.3d 1335 (Fed. Cir. 2012) ........................................15

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923 (2016) ..............19

*Innovation Ventures, LLC v. Martoon, LLC*, No. 08-15331, 2011 WL 1058915
 (E.D. Mich. Feb. 28, 2011).......................................................................... 23, 25

*Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312 (Fed. Cir. 2004) .....................25

*Jones v. Kirchner*, 835 F.3d 74 (D.C. Cir. 2016) ....................................................14

*L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.*, 214 F.2d 649 (3rd Cir. 1954)............13

*Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504 (6th Cir. 2007) ....9

*Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247 (2d Cir. 2014)...........................12

*N. Atlantic Operating Company, Inc. v. Scott*, 2016 WL 4150751 (E.D. Mich. Aug.
 3, 2016)................................................................................................................25

*Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 (Fed. Cir. 2011)..............22

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754 (6th Cir. 2005) .....................................11

*Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763 (1992)............................. 8, 11

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997)................15

*Windsurfing Int'l, Inc. v. AMF, Inc.*,  782 F.2d 995 (Fed. Cir. 1986) .....................23

*Zen Design Group, Ltd. v. Clint*, 2009 WL 4050247 (E.D. Mich. Nov. 23, 2009).22

**STATUTES**

15 U.S.C. § 1057(b) .......................................................................................... 9, 11

15 U.S.C. § 1115(a) .......................................................................................... 9, 11

15 U.S.C. § 1116(a) ...............................................................................................20

15 U.S.C. § 1117(a) ...............................................................................................20

15 U.S.C. § 1118 .................................................................................................23

15 U.S.C. § 1121 ...................................................................................................2

15 U.S.C. § 1125(a) .........................................................................................8, 10

15 U.S.C. § 1125(a)(1)(B) .............................................................................12, 13

15 U.S.C. §§ 1051 et al. ......................................................................................2

17 U.S.C. § 106 ...........................................................................................5, 6, 7

17 U.S.C. § 501 ...................................................................................................5

17 U.S.C. § 501(a) ...............................................................................................5

17 U.S.C. § 502(a) .............................................................................................20

17 U.S.C. § 503 .................................................................................................23

17 U.S.C. § 505 .................................................................................................20

17 U.S.C. §§ 1 et al. ...........................................................................................2

28 U.S.C. § 1331 .................................................................................................2

28 U.S.C. § 1338 .................................................................................................2

35 U.S.C. § 271 .........................................................................................15, 17

35 U.S.C. § 283 .................................................................................................20

35 U.S.C. § 284 .................................................................................................20

35 U.S.C. § 285 .................................................................................................20

35 U.S.C. §§ 1 et al. ...........................................................................................2

**RULES**

Fed. R. Civ. P. 54(c).........................................................................................19

Fed. R. Civ. P. 54(d)(1)....................................................................................20

Fed. R. Civ. P. 55(a)......................................................................................2

Fed. R. Civ. P. 55(b)......................................................................................4

Fed. R. Civ. P. 55(b)(2).................................................................................24

Fed. R. Civ. P. 65(d)......................................................................................25

Fed. R. Civ. P. 8(a)........................................................................................14

Fed. R. Civ. P. 8(b)(6)....................................................................................5

**OTHER AUTHORITIES**

The Hague Convention .............................................................................3, 5

## I.    INTRODUCTION

Entry of default and judgment by default against Defendant FromUFoot is warranted because FromUFoot has been deemed served by this Court but has failed to plead or otherwise defend in this lawsuit and additionally has failed to respond by the May 1, 2018 deadline set forth in this Court's Order [Doc #14] directing Defendant to show cause why default judgment should not be entered.  Judgment by default is appropriate because the factual allegations set forth in Plaintiff FenF's First Amended Complaint (the "FAC") [Doc #8] provide a sufficient factual basis to support FenF's claims of patent, trade dress, trademark, and copyright infringement and unfair competition such that this Court may draw the reasonable inference that FromUFoot is liable for such claims and FenF is entitled to relief.  *See e.g., Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006) (all factual allegations in the complaint as to liability are taken as true when a defendant is in default and, if such allegations are sufficient to support a finding of liability, judgment by default should be entered).

An award of costs and reasonable attorney fees is appropriate to compensate FenF for the expense incurred in having to institute and pursue this lawsuit and is justified by the willfulness of FromUFoot's acts of infringement and unfair competition and its refusal to participate in these proceedings.  A permanent injunction restraining FromUFoot from continuing to commit acts of infringement

1

and unfair competition is warranted and serves the public interest by upholding the federal laws of the United States and preventing continued irreparable harm to FenF for which monetary damages are inadequate to compensate for such harm.

## II.     ENTRY OF DEFAULT AGAINST DEFENDANT FROMUFOOT IS WARRANTED.

Pursuant to Fed. R. Civ. P. 55(a), default should be entered against Defendant FromUFoot because FromUFoot has been deemed served but has failed to appear, plead, or otherwise defend, and jurisdiction is proper. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995); *Ford Motor*, 441 F.Supp.2d at 845.

### A. The Court has subject matter and personal jurisdiction over FromUFoot.

As alleged in the FAC, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because FenF's claims of patent, trade dress, trademark, and copyright infringement and unfair competition arise under the federal patent laws of the United States (35 U.S.C. §§ 1 et al.), the federal trademark laws of the United States (15 U.S.C. §§ 1051 et al.), and the federal copyright laws of the United States (17 U.S.C. §§ 1 et al.) [Doc #8, ¶ 4].

The FAC alleges that FromUFoot has purposefully availed itself of the privilege of transacting business and causing a consequence in Michigan by willfully and deliberately infringing the patent, copyright, trade dress, and trademark rights of Plaintiff FenF, a limited liability company organized under the laws of Michigan

and having a place of business in Dexter, Michigan, such that the brunt of the harm caused to FenF by FromUFoot's misconduct will be felt in Michigan. [Doc #8, ¶¶ 1, 5]. FromUFoot's acts of infringement and unfair competition give rise to the cause of action in this case. Accordingly, based upon the factual allegations in the FAC, the Court's exercise of personal jurisdiction over FromUFoot in this case is reasonable and comports with traditional notions of fair play and substantial justice. *See Ford Motor*, 441 F.Supp.2d at 845–46; *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F.Supp.2d 734, 741–49 (E.D. Mich. Oct. 19, 2004).

For purposes of entering default judgment against FromUFoot, this Court may accept as true FenF's jurisdictional allegations in the FAC. 441 F.Supp.2d at 846.

### B. Defendant FromUFoot has been deemed served by the Court.

Despite FenF's multiple attempts at serving FromUFoot and its full compliance with the requirements of The Hague Convention, the Chinese Central Authority refuses to effectuate service on FromUFoot. [Doc #12, Part II.B.–C.; Doc #13; and Doc #14, p. 2]. Considering FenF's diligent efforts, Defendant Shenzhen FromUFoot Co., Ltd. has been deemed served by this Court. [Doc #14].

### C. FromUFoot failed to plead or otherwise defend.

FromUFoot failed to answer the Complaint or the FAC, despite having apparent knowledge of this lawsuit and the allegations against it [Doc #12, ¶15 and Doc #14, p. 2 n.2]. In addition, FromUFoot failed to respond to this Court's Order

3

Directing Defendant to Show Cause Why Default Judgment Should Not Be Entered [Doc #14] by the May 1, 2018 deadline set forth therein.  Hoffmann Decl. ¶ 7.

On March 15, 2018, FenF received an "inquiry" via Alibaba.com from Teddy wang, a representative of FromUFoot, stating, in its entirety, "You are [. . .] disgusted.please [sic] do not check our website." Schulze Decl. ¶ 4, Ex. A (expletive omitted).  Based upon the disrespectful tone, profane language, and lack of alternative reason for the inquiry, Teddy wang's inquiry likely evidences FromUFoot's knowledge of this lawsuit and its refusal to participate.

Accordingly, entry of default against FromUFoot is warranted.

## III.   DEFAULT JUDGMENT AGAINST DEFENDANT FROMUFOOT IS WARRANTED.

Pursuant to Fed. R. Civ. P. 55(b), judgment by default should be entered against FromUFoot because FromUFoot has defaulted for failure to plead or otherwise defend.  Entry of default establishes FromUFoot liability for all claims alleged in the FAC.  *See Antoine*, 66 F.3d at 110.  FenF is not requesting damages (only costs and attorney's fees), and thus proof of damages is not required.  Notice of this Motion is not required because, as alleged in the FAC [Doc #8, ¶2], FromUFoot is a company, not a natural person, and thus is not an infant, an incompetent person, or in military service.  *See Ford Motor*, 441 F.Supp.2d at 854.

Entry of judgment by default is in the Court's discretion.  *Am. Auto. Ass'n v.*

4

*Dickerson*, 995 F.Supp.2d 753, 756 (E.D. Mich. 2014).  For purposes of determining whether judgment by default should be entered, the Court should take as admitted by FromUFoot all well-pleaded allegations of fact set forth in the FAC, and should enter judgment against FromUFoot if those factual allegations are sufficient to support a finding of liability as to FenF's claims of copyright, trade dress, trademark, and patent infringement and unfair competition.   Fed. R. Civ. P.  8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ford Motor*, 441 F.Supp.2d at 848.

Furthermore, under the circumstances, default judgment against FromUFoot is authorized under Article 15 of The Hague Convention.  [Doc #12, Part IV].

### A. FenF's allegations are factually and legally sufficient to support its claims to copyright infringement.

To plead a claim for copyright infringement under 17 U.S.C. § 501, Plaintiff must allege (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *See ATC Distrib. Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 705 (6th Cir. 2005), *citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Specific acts of copyright infringement include reproduction, public distribution, and public display of the copyrighted work.  17 U.S.C. §§ 106, 501(a).

### 1. FromUFoot infringed and continues to infringe FenF's copyrighted photograph identified in Registration Number VA0002001635.

As alleged in the FAC, on February 4, 2016, FenF obtained Copyright Registration No. VA0002001635 for an original photograph of its GEMS foot-therapy product (the "635 copyrighted photograph").  [Doc #8, ¶ 14, Ex. E].

As alleged in the FAC, FromUFoot publicly distributed a catalog in the U.S. including an exact reproduction of FenF's 635 copyrighted photograph.  [Doc #8, ¶¶ 20–21, Ex. F].   As set forth in the accompanying Declaration of Richard W. Hoffmann, upon information and belief, such catalog was distributed in the U.S. on April 9, 2016 (the "2016 product catalog").   Hoffmann Decl. ¶ 5.   FenF never authorized or consented to FromUFoot's reproduction or public distribution of FenF's 635 copyrighted photograph.  [Doc #8, ¶¶ 21, 52].

On May 7, 2018, FromUFoot publicly distributed another catalog (the "2018 product catalog") via e-mail in the U.S., a copy of which was sent directly to the Inbox of Richard W. Hoffmann, counsel for Plaintiff FenF.   Hoffmann Decl. ¶ 6, Ex. A.  An exact reproduction of FenF's 635 copyrighted photograph is included on page 5 of the 2018 catalog.  *Id*.

Therefore, the admitted factual allegations in the FAC establish that FenF owns the 635 copyrighted photograph and FromUFoot violated FenF's exclusive rights provided under 17 U.S.C. § 106 by copying, publicly distributing, and publicly

6

displaying FenF's 635 copyrighted photograph in its 2016 and 2018 product catalogs.

Accordingly, FenF is entitled to default judgment with respect to its claim that FromUFoot infringed its exclusive rights in the 635 copyrighted photograph.

### 2. FromUFoot infringed and continues to infringe FenF's copyrighted photograph identified in Registration Number VA0002001636.

As alleged in the FAC, on February 4, 2016, FenF obtained Copyright Registration No. VA0002001636 for an original photograph of its GEMS foot-therapy product (the "636 copyrighted photograph").  [Doc #8, ¶ 22, Ex. H].

As alleged in the FAC, FromUFoot publicly displayed an advertisement on the Internet for a "Yoga Gems Toe Separator" that included an exact reproduction of FenF's 636 copyrighted photograph.  [Doc #8, ¶ 23, Ex. I].  The screen-shot of the Internet advertisement included as Exhibit I to the FAC was taken on August 18, 2016.  FenF never authorized or consented to FromUFoot's reproduction or public display of FenF's 636 copyrighted photograph.  [Doc #8, ¶¶ 23, 56].

Therefore, the admitted factual allegations set forth in the FAC establish that FenF owns the 636 copyrighted photograph and FromUFoot violated FenF's exclusive rights provided under 17 U.S.C. § 106 by copying and publicly displaying FenF's 636 copyrighted photograph on the Internet.

Accordingly, FenF is entitled to default judgment with respect to its claim that

FromUFoot infringed its exclusive rights in the 636 copyrighted photograph.

### 3. FromUFoot's acts of copyright infringement were and are willful.

As alleged in the FAC, FromUFoot's unauthorized reproduction, public distribution and public display of FenF's 635 and 636 copyrighted photographs were and are willful and deliberate acts of infringement. [Doc #8, ¶ 57].

### B. FenF's allegations are factually and legally sufficient to support its claims of trademark and trade dress infringement and unfair competition under Section 43(a)(1) of the Lanham Act.

Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a), provides a federal cause of action for infringement of unregistered trademarks and trade dress that are inherently distinctive or have acquired secondary meaning. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992). Courts "use the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks [or designs]." *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006). The two key considerations in any likelihood of confusion determination are (1) the similarity or dissimilarity of the marks (or designs) and (2) the relatedness of the goods. *See Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103 (C.C.P.A. 1976).

### 1. FromUFoot infringed and continues to infringe FenF's trade dress rights embodied in its GEMS foot-therapy product.

To plead a claim for infringement of the unregistered trade dress of a product under 15 U.S.C. § 1125(a), Plaintiff must allege (1) the trade dress is distinctive in

8

the marketplace, (2) the trade dress is primarily nonfunctional, and (3) the trade dress of the competing good is confusingly similar. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

As alleged in the FAC, FenF's GEMS foot-therapy product embodies multiple distinctive and non-functional features, including a three-dimensional gem-like configuration with four faceted gemstone handles (the "GEMS trade dress").  [Doc #8, ¶¶ 7–9, 35, Ex. A].

Moreover, on December 13, 2016, FenF obtained Trademark Registration No. 5,098,981 (the "981 registration") covering the trade dress embodied by its GEMS foot-therapy product for orthopedic devices to stretch and exercise the toes and feet. A true and correct copy of the certificate of registration is attached hereto as Exhibit A.   Because the 981 registration is registered on the Principal Register of the U.S. Patent and Trademark Office, such registration is *prima facie* evidence that the trade dress embodied by FenF's GEMS foot-therapy product is non-functional and has acquired distinctiveness in the minds of consumers, and also is evidence of FenF's ownership thereof.  15 U.S.C. §§ 1057(b), 1115(a); *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 513 (6th Cir. 2007).

As alleged in the FAC, FromUFoot manufactures, imports, offers to sell, sells, and/or advertises in the U.S. a competing foot-therapy product (the "Accused Product") that embodies the <u>identical</u> shape and design as FenF's GEMS foot-

9

therapy product. [Doc #8, 15–20, 36, Exs. F, I].  FenF never authorized or consented to FromUFoot's making, importing, offering for sale, selling, or advertising of the Accused Product.  [Doc #8, ¶ 36].  Because the Accused Product is a virtually identical copy of, and directly competes with, FenF's GEMS foot-therapy product for sales in the same relevant market to the same customer base, FromUFoot's unauthorized making, importing, offering to sell, selling, and advertising of the Accused Product are likely to cause consumer confusion.  [Doc #8, ¶¶ 19, 37]. Therefore, the admitted factual allegations set forth in the FAC establish that the trade dress embodied by FenF's GEMS foot-therapy product is distinctive in the marketplace, is primarily nonfunctional, and the trade dress of the Accused Product is confusingly similar.

Accordingly, FenF is entitled to default judgment with respect to its claim that FromUFoot infringed its exclusive trade dress rights embodied by its GEMS foot-therapy product.

### 2. FromUFoot infringed and continues to infringe FenF's trademark rights in its GEMS mark.

To plead a claim for infringement of an unregistered trademark under 15 U.S.C. § 1125(a), Plaintiff must allege (1) its trademark is protectable (i.e., is inherently distinctive or has acquired secondary meaning) and (2) Defendant's use of the mark creates a likelihood of confusion as to the origin of Plaintiff's or

Defendant's product.  *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 761 n.4 (6th Cir. 2005), *citing Two Pesos*, 505 U.S. at 768.

As alleged in the FAC, FenF's GEMS mark is inherently distinctive and has been used in U.S. commerce in connection with the sale of its GEMS foot-therapy product since at least December 2010.  [Doc #8, ¶ 7–11, 48].

Moreover, on September 13, 2016, FenF obtained Trademark Registration No. 5,040,435 (the "435 registration") for its GEMS mark for use in connection with orthopedic devices to stretch and exercise the toes and feet.  A true and correct copy of the certificate of registration is attached hereto as Exhibit B.   Because the 435 registration is registered on the Principal Register of the U.S. Patent and Trademark Office, such registration is *prima facie* evidence of the validity of FenF's GEMS mark, of FenF's ownership of the GEMS mark, and of FenF's exclusive right to use the GEMS mark in connection with its GEMS foot-therapy product.  15 U.S.C. §§ 1057(b), 1115(a).

As alleged in the FAC, FromUFoot uses the word "Gems" in U.S. commerce in connection with the sale, offer for sale, and advertising of the Accused Product. [Doc #8, ¶ 49, Ex. I].  FenF never authorized or consented to FromUFoot's use of FenF's GEMS mark or FromUFoot's sale, offer for sale, or advertising of the Accused Product.  [Doc #8, ¶¶ 36, 49].  Because the Accused Product is an <u>identical</u> copy of, and directly competes with, FenF's GEMS foot-therapy product for sales in

the same relevant market to the same customer base, FromUFoot's use of the word "Gems" in connection with the Accused Product is likely to cause consumer confusion as to the origin of FenF's GEMS foot-therapy product or of the Accused Product.  [Doc #8, ¶¶ 19, 50].  Therefore, the admitted factual allegations set forth in the FAC establish that FromUFoot's use of FenF's GEMS mark in connection with the Accused Product creates a likelihood of confusion.

Accordingly, FenF is entitled to default judgment with respect to its claim that FromUFoot infringed its exclusive rights in its GEMS trademark.

### 3. *FromUFoot engages in false or misleading advertising by passing off FenF's product as its own.*

 To plead a claim for false or misleading advertising under 15 U.S.C. § 1125(a)(1)(B), Plaintiff must allege (1) Defendant used, in advertising, a false or misleading description or representation of fact regarding the nature, qualities, or characteristics of a product, (2), Defendant placed the false or misleading statement in interstate commerce, and (3) Plaintiff has been or is likely to be injured as a result of the misrepresentation.  *See Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255–56 (2d Cir. 2014).

As alleged in the FAC, FromUFoot has used and continues to use in U.S. commerce copies of FenF's 635 and 636 copyrighted photographs of its GEMS foot-therapy product in its catalogs and Internet advertisements for the Accused Product.

12

[Doc #8, ¶¶ 23, 42, Exs. F, I].  FenF never authorized or consented to FromUFoot's use of FenF's 635 and 636 copyrighted photographs.  [Doc #8, ¶¶ 52, 56].  Such use misrepresents the nature, qualities, and characteristics of the Accused Product and is likely to mislead or confuse consumers into believing that FenF's GEMS foot-therapy product is FromUFoot's Accused Product, or *vice versa*.  [Doc #8, ¶¶ 23, 42, 43].  As alleged in the FAC, FromUFoot's "passing off" of FenF's 635 and 636 copyrighted photographs of its GEMS foot-therapy product as photographs of the Accused Product has caused and continues to cause harm to FenF's business, reputation, goodwill, profits, and the strength of the FenF's trade dress rights in its GEMS foot-therapy product.  [Doc #8, ¶ 45].

Accordingly, FenF is entitled to default judgment with respect to its claim of false or misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(B).  *See L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.*, 214 F.2d 649 (3rd Cir. 1954) (finding defendant's use of a photograph of plaintiff's distinctively styled dress in an advertisement for its own inferior quality dress actionable under the Lanham Act provision forbidding false descriptions of goods entering into commerce), *cited with approval in Can-Am Engineering Co. v. Henderson Glass, Inc.*, 814 F.2d 253, 257 (6th Cir. 1987).

13

### 4. *FromUFoot's acts of trademark and trade dress infringement and false advertising were and are willful.*

As alleged in the FAC, FromUFoot's unauthorized copying of the trade dress embodied by FenF's GEMS foot-therapy product and of its associated GEMS mark, as well as FromUFoot's unauthorized use of FenF's 635 and 636 copyrighted photographs in commercial advertising for the Accused Product were and are willful and deliberate acts of infringement and unfair competition. [Doc #8, ¶¶ 40, 46]. More specifically, as alleged in the FAC, FromUFoot was actively aware of FenF and its GEMS foot-therapy product when FromUFoot began selling the Accused Product and using FenF's 635 and 636 copyrighted photographs in its commercial advertising, yet proceeded to recklessly disregard FenF's trademark and trade dress rights, rendering FromUFoot's acts of infringement and unfair competition willful and deliberate. *Id*.

## C. FenF's allegations are factually and legally sufficient to support its claims to patent infringement.

As required under Fed. R. Civ. P. 8(a), FenF's claims of patent infringement set forth in the FAC included sufficient detail to put FromUFoot on notice of the basis of its infringement claims and to demonstrate that FenF was and is entitled to relief. *See Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016). In particular, the patents at issue in this case involve a relatively simple technology, each include only one independent claim and multiple figures of an embodiment of the claimed device,

and the FAC identified the Accused Product with photographs and included a general allegation that the Accused Product practiced each and every element of at least one claim, either literally or under the doctrine of equivalents, and thus was sufficient to put FromUFoot on fair notice of its infringement of FenF's patents. *See Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).

Direct infringement of a patent under 35 U.S.C. § 271 requires a showing that defendant, without authority, either (1) makes, uses, offers to sell, or sells a patented invention within the U.S., or (2) imports a patented invention into the U.S.  To be covered by a patent, an allegedly infringing device must include each element of at least one patent claim either literally or under the "doctrine of equivalents." *See Grober v. Mako Prods.*, 686 F.3d 1335, 1344 (Fed. Cir. 2012).  An accused product that does not literally infringe may still infringe under the doctrine of equivalents if the accused product contains an equivalent for each claim limitation not literally satisfied.  *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997), *citing Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950).

### 1. *FromUFoot's unauthorized making, offering to sell, and selling of its Accused Product directly infringe FenF's U.S. Patent No. 9,138,616.*

As alleged in the FAC, FromUFoot directly infringed, and continues to directly infringe, at least claim 1 of FenF's U.S. Patent No. 9,138,616 (the "616 patent") under 35 U.S.C. § 271 by making, using, offering to sell, and selling the

Accused Product in the U.S., and importing the Accused Product into the U.S. without FenF's authorization or consent.  [Doc #8, ¶ 26, Ex. B].

With respect to claim 1 of the 616 patent, the Accused Product is a foot-therapy and toe-aligning device comprising: a frame being formed of an elastomeric material.  [Doc #8, Exs. I, F].  The frame of the Accused Product has a top portion, a bottom portion, a front portion, a back portion, and opposed first and second ends that define a frame length.  *Id.*  The frame of the Accused Product further includes a first peripheral projection and a second peripheral projection, the first and second peripheral projections rising upwards from the first and second ends of the frame, respectively, and being spaced apart along the frame length.  *Id.*  The Accused Product includes a plurality of stretchable toe posts formed of an elastomeric material that are integrally formed with the top portion of the frame and are spaced apart along the frame length between the first and second peripheral projections; each of the toe posts extends upwards from the top portion of the frame along a toe post length and terminates in an outer edge having a bulbous shape; the bulbous shape at the outer edge of each toe post extends beyond a portion of the toe post immediately beneath the bulbous shape in all directions.  *Id.*  The plurality of toe posts in the Accused Product consist of four toe posts that are positionable to separate all five toes of a human foot, with two of the four toe posts being inner toe posts and two of the four toe posts being outer toe posts.  *Id.*  In the Accused Product,

the first peripheral projection is located outside of and adjacent to one of the two

outer toe posts and the second peripheral projection is located outside of and adjacent

to the other of the two outer toe posts, the first peripheral projection and the second

peripheral projection being sized so that, when the plurality of toe posts are received

between five toes of a human foot, the first peripheral projection rises above a toe

located between the first peripheral projection and its adjacent outer toe post, and

the second peripheral projection rises above a toe located between the second

peripheral projection and its adjacent outer toe post. *Id.*

Accordingly, FenF is entitled to default judgment with respect to its claim of

infringement of claim 1 of the 616 patent.

### 2. *FromUFoot's unauthorized making, offering to sell, and selling of its Accused Product directly infringe FenF's U.S. Patent No. 9,387,359.*

As alleged in the FAC, FromUFoot directly infringed, and continues to

directly infringe, at least claim 1 of FenF's U.S. Patent No. 9,387,359 (the "359

patent") under 35 U.S.C. § 271 by making, using, offering to sell, and/or selling the

Accused Product in the U.S., and/or importing the Accused Product into the U.S.

without FenF's authorization or consent.  [Doc #8, ¶ 31, Ex. C].

With respect to claim 1 of the 359 patent, the Accused Product is a foot-

therapy and toe-aligning device comprising: a frame being formed of an elastomeric

material and having a frame length extending between opposed first and second ends

of the frame.  [Doc #8, Exs. I, F].  The frame in the Accused Product has a top portion, a bottom portion, a front portion, a back portion, and further includes a first peripheral projection and a second peripheral projection.  The first and second peripheral projections rise upwards from the first and second ends of the frame, respectively, and are spaced apart along the frame length. Wherein at least a portion of the frame is curved along the frame length, and wherein a frame width as defined by the front and back portions of the frame is greater at the first end of the frame than at the second end of the frame.  *Id.*  The Accused Product includes a plurality of stretchable toe posts formed of an elastomeric material that are integrally formed with the top portion of the frame and are spaced apart along the frame length between the first and second peripheral projections.  *Id.*  The toe posts in the Accused Product extend upwards from the top portion of the frame to an exposed outer edge that is independent of the exposed outer edges of the other toe posts; and wherein the plurality of toe posts consists of four toe posts, with two of the four toe posts being inner toe posts and two of the four toe posts being outer toe posts, wherein the first peripheral projection is located outside of and adjacent to one of the two outer toe posts and the second peripheral projection is located outside of and adjacent to the other of the two outer toe posts.  *Id.*  In the Accused Product, the first peripheral projection and the second peripheral projection are sized so that, when the plurality of toe posts are received between five toes of a human foot, the first peripheral

18

projection rises above a toe located between the first peripheral projection and its adjacent outer toe post, and the second peripheral projection rises above a toe located between the second peripheral projection and its adjacent outer toe post. *Id.*

Accordingly, FenF is entitled to default judgment with respect to its claim of infringement of claim 1 of the 359 patent.

### 3. *FromUFoot's acts of patent infringement were and are willful.*

As alleged in the FAC, the Accused Product is virtually identical to FenF's GEMS foot-therapy product and is evidence of FromUFoot's flagrant copying and its willful, deliberate, and objectively reckless infringement of FenF's patent rights [Doc #8, ¶ 28]. *See Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923 (2016) (evidence accused infringer copied patented invention relevant to determination of willful infringement).

## IV.  MONETARY DAMAGES AND PERMANENT INJUNCTIVE RELIEF ARE WARRANTED.

Monetary damages and injunctive relief were requested by FenF in the FAC [Doc #8] in accordance with Fed. R. Civ. P. 54(c). [Doc #8, ¶¶ 26, 29, 31, 33, 52, 54, 56, 58, C, D, E, F, J, K, L, M, N, P, Q, R, S, T].

### A. Exceptional circumstances warrant an award of costs and attorneys' fees.

As alleged in the FAC and discussed in Part IV.B.4. and Part IV.C.3., *infra*, FromUFoot's patent, copyright, trade dress and trademark infringement, and acts of

unfair competition were and are willful and deliberate.   As such, FromUFoot's admittedly willful acts of copyright, trademark, trade dress, and patent infringement and unfair competition make this an exceptional case and warrant an award of costs and reasonable attorney's fees to FenF pursuant to 15 U.S.C. § 1117(a); 17 U.S.C. § 505; and 35 U.S.C. §§ 284, 285.   *See Coach, Inc. v. Chouman's Ass'n*, 2012 WL 6705412 at *4 (E.D. Mich. Dec 26, 2012) (upon default, allegations in complaint that defendant acted willfully were sufficient to deem defendant as having admitted the willful acts of infringement alleged in the complaint and to award attorney's fees to plaintiff), *citing Ford Motor Co.* 441 F.Supp.2d at 846.

Also, an award of costs to FenF is warranted under Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party.").

### B. A permanent injunction prohibiting FromUFoot from continuing to infringe FenF's rights is warranted.

A permanent injunction against FromUFoot is warranted to prevent FromUFoot's continued infringement of FenF's copyright, trademark, trade dress, and patent rights and acts of unfair competition.   17 U.S.C. § 502(a); 15 U.S.C. § 1116(a); 35 U.S.C. § 283.   A permanent injunction is equitable in this case because (1) FenF has suffered irreparable injury, (2) legal remedies such as monetary damages are inadequate to compensate for that injury, (3) the balance of hardships

favors the issuance of a permanent injunction against FromUFoot, and (4) the public

interest would be served by a permanent injunction.  *eBay Inc. v. MercExchange,*

*L.L.C.* (*eBay*), 547 U.S. 388, 391 (2006).

With respect to FromUFoot's acts of trade dress and trademark infringement

and unfair competition:

> Sixth Circuit law "holds that no particular finding of
> likelihood of ... irreparable harm is necessary for
> injunctive relief in trademark infringement or unfair
> competition cases." *Circuit City Stores, Inc. v. CarMax,
> Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999).  Irreparable
> injury "ordinarily follows when a likelihood of confusion
> or possible risk to reputation appears" from infringement
> or unfair competition. *Id.*

*FenF, LLC v. Yogabody Naturals, LLC*, 2017 WL 4841440, at *2 (E.D. Mich. Oct.

26, 2017).  Therefore, a finding by this Court that a likelihood of confusion exists

because of FromUFoot's acts of trade dress and trademark infringement and unfair

competition is sufficient to establish that FenF has suffered an irreparable injury.

And, so long as FromUFoot's actions continue, there is potential for future harm to

FenF with no adequate remedy at law.  *Audi AG*, 469 F.3d at 550.  In granting a

permanent injunction, FromUFoot would not face any hardship in restraining from

violating FenF's trade dress and trademark rights, while FenF would face the

possibility of further loss of good will and risk to its reputation.  *Dickerson*, 995

F.Supp.2d at 758.  Furthermore, "preventing customer confusion is in the public's

interest." *Audi AG*, 469 F.3d at 550.  Thus, a permanent injunction prohibiting FromUFoot from infringing FenF's trade dress and trademark infringement rights and committing future acts of unfair competition is warranted.

Also, irreparable injury will necessarily result if FromUFoot's acts of patent and copyright infringement are not enjoined because—in view of FromUFoot's refusal to participate in these proceeding and its relentless infringement of FenF's rights—FromUFoot's infringing activities will likely continue unless enjoined, which will continue to cause harm to FenF's business, reputation, goodwill, and profits, as alleged in the FAC [Doc #8, ¶¶ 29, 33, 54, 58] and thereby admitted by Defendant upon entry of default.  *See Zen Design Group, Ltd. v. Clint*, 2009 WL 4050247, at *4–5 (E.D. Mich. Nov. 23, 2009); *Ford Motor*, 441 F.Supp.2d at 848.

Considering FenF's prior difficulties in reaching FromUFoot in China, as well as FenF's inability to discover—because of FromUFoot's refusal to appear—the full extent of damages resulting from FromUFoot's infringing activities, any monetary award to FenF in this case will necessarily be inadequate to compensate FenF for such harm.  *See, e.g., Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155–56 (Fed. Cir. 2011) ("A district court should assess whether a damage remedy is a meaningful one in light of the financial condition of the infringer before the alternative of money damages can be deemed adequate."); *Canon, Inc. v. GCC Int'l Ltd.*, 263 F.App'x 57, 62 (Fed. Cir. 2008) (considering the improbability that the

22

patentee could collect a money judgment as weighing in favor of an injunction).

Prohibiting FromUFoot from committing future acts of patent and copyright infringement will not place any hardship on FromUFoot, but allowing FromUFoot to continue such acts will necessarily continue to harm FenF. *See Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n. 12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."). Furthermore, the public interest will be served by protecting FenF's exclusive rights in its patents and registered copyrights. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 809 F.3d 633, 647 (Fed. Cir. 2015). Thus, a permanent injunction prohibiting FromUFoot from infringing FenF's copyrights and patent rights is warranted.

## C. An Order of dispossession and/or destruction is warranted.

Pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503, FenF requests this Court order FromUFoot to relinquish possession of all copies of the Accused Product and of FenF's 635 and 636 copyrighted photographs, as well as all associated labels, packages, and advertisements and all plates, molds, masters, or other articles by means of which such copies may be reproduced. *See Innovation Ventures, LLC v. Martoon, LLC*, No. 08-15331, 2011 WL 1058915, at *3–4 (E.D. Mich. Feb. 28, 2011). FenF also requests this Court order FromUFoot to delete or remove, or have deleted or removed, any advertisements used by FromUFoot in connection with the

sale, offer for sale, or marketing of the Accused Device, to permanently delete, destroy, and remove all electronic content, including all websites and other electronic materials displaying the Accused Product or FenF's 635 and 636 copyrighted photographs. *See Dickerson*, 995 F.Supp.2d at 757–58.

## V.    CONCLUSION AND RELIEF REQUESTED

In view of the foregoing, FenF requests entry of default and judgment by default against Defendant FromUFoot.  FenF is not requesting damages, and thus default judgment may be entered without a hearing.  Fed. R. Civ. P. 55(b)(2).

### A. Total fees requested.

An award of attorney's fees to Plaintiff FenF in an amount of $36,649.00 is warranted.  Hoffmann Decl. ¶¶ 15–16, Ex. B (copies of invoices for services).

### B. Amount of costs requested.

An award of costs to Plaintiff FenF in an amount of $6,670.00 is warranted. Hoffmann Decl. ¶¶ 19, Ex. D (draft Bill of Costs and corresponding receipts).

### C. Specific terms of permanent injunction and Order for dispossession.

An order granting Plaintiff FenF's request for a permanent injunction is warranted.  A proposed permanent injunction is attached hereto as Exhibit C, a copy of which is concurrently being filed through the Court's ECF Proposed Order Utility.

The terms of the proposed permanent injunction essentially track the terms set forth in the following cases, which were found to satisfy the requirements of Fed. R.

24

Civ. P. 65(d): *Innovation Ventures*, 2011 WL 1058915, at *3–4 (permanent injunction prohibiting trademark infringement), *adopted by* 2011 WL 995899 (E.D. Mich. March 21, 2011); *N. Atlantic Operating Company, Inc. v. Scott*, 2016 WL 4150751, at *2–3 (E.D. Mich. Aug. 3, 2016) (preliminary injunction prohibiting infringing or counterfeit trademarks, copyright, and/or trade dress); *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1315–16 (Fed. Cir. 2004) (injunction may prohibit infringement of patent by adjudicated devices and infringement by devices not more than colorably different from the adjudicated devices); and *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 544–45 (3d Cir. 1986) (permanent injunction prohibiting copyright infringement).

Respectfully submitted,

Date: June 1, 2018          By:          /s/ *Richard W. Hoffmann*
                                          RICHARD W. HOFFMANN (P42352)
                                          Reising Ethington P.C.
                                          755 West Big Beaver Road, Suite 1850
                                          Troy, Michigan 48084
                                          Telephone:      248-689-3500
                                          Facsimile:      248-689-4071
                                          Email:          hoffmann@reising.com

*Attorney for Plaintiff FenF, LLC*

25

## VI.   CERTIFICATE OF SERVICE

I hereby certify on the 1st day of June 2018, copies of:

1.   The foregoing Motion for Entry of Default and Default Judgment, including Exhibits A–C;

2.   The accompanying Declaration of Richard W. Hoffmann, including supporting Exhibits A–D; and

3.   The accompanying Declaration of Michael Schulze, including supporting Exhibit A

were electronically filed with the Clerk of the Court using CM/ECF and also were forwarded to Shenzhen FromUFoot Co., Ltd. in China:

By e-mail to FromUFoot at yoho@fromufoot.com,

By e-mail to Qingfeng Ma of FromUFoot at 531774099@qq.com,

By e-mail to Cecilia Liu of FromUFoot at cecilia@fromufoot.com, and

By e-mail to Mac Ma of FromUFoot at admin@fromufoot.com.


____/s/ *Richard W. Hoffmann*____
Richard W. Hoffmann

26